UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARITA HERNANDEZ, individually and as executor of the Estate of RICARDO HERNANDEZ,

    Plaintiff,

v.

FEDERAL WAY, BLAKE LOSVAR, TANNER PAU AND SEVERAL JOHN AND JANE DOE OFFICERS,

    Defendants.

Case No. 2:18-CV-01473-BJR

ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT.

## I. INTRODUCTION

Before the Court is Defendants' Motion to Amend Answer to Plaintiff's Complaint. Dkt. No. 44.[1] Plaintiff Margarita Hernandez, individually and as executor of the Estate of Ricardo Hernandez ("Plaintiff"), filed this matter on October 7, 2018 against Defendants City of Federal Way and Federal Way Police Officers Blake Losvar, Tanner Pau, and John and Jane Does

---

[1] Plaintiff's response to the present motion requests oral argument. Dkt. No. 52 at 1. The Court finds that oral argument is unnecessary as it is able to decide the motion on the papers. *See Murcia v. Godfrey*, No. 19-0587, 2019 WL 3504124, at *1 n.1 (W.D. Wash. Aug. 1, 2019) (citing *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998)) (denying oral argument where "[t]he parties have thoroughly briefed the issues and oral argument would not be of assistance to the court").

ORDER GRANTING DEFENDANTS' MOTION
TO AMEND ANSWER– 1

(collectively, "Defendants"). Her claims arise from an officer-involved shooting in the City of Federal Way, Washington. Dkt. No. 1. On November 6, 2018 and December 14, 2018, respectively, Plaintiff filed an Amended Complaint and a Second Amended Complaint. Dkt. Nos. 16, 19. Defendants stipulated to Plaintiff's second emendation. Dkt. No. 21. On February 13, 2019, Defendants filed their Answer to Plaintiff's Second Complaint, which included eleven affirmative defenses. Dkt. No. 22.

At issue is Defendants' request to amend their Answer to add two statutory defenses under state law[2] not included in their original pleading: (1) immunity under RCW § 10.99.070; and (2) that Ricardo Hernandez was committing a felony at the time of the officer-involved shooting, which pursuant to RCW § 4.24.420 entitles the officers to immunity. Dkt. No. 44 at 2:8–11. Defendants address both defenses in their Motion for Summary Judgment. Dkt. No. 30.

On October 29, 2019, Defendants' counsel emailed Plaintiff's counsel a proposed Amended Answer that contained the additional affirmative defense under RCW 4.24.420. Dkt. No. 45 at 2. On October 31, 2019, Defendants' counsel sent Plaintiff's counsel a follow-up email, because they did not receive a response. *Id.* On November 1, 2019, Plaintiff's counsel responded notifying Defendants' counsel that they would not stipulate to the Amended Answer. *Id.* Between November 1 and November 8, 2019, Defendants' Counsel emailed Plaintiff's counsel several times requesting they reconsider their decision and informing Counsel that they wanted to add an additional affirmative defense under RCW 10.99.070. *Id.*

## II.  MOTION TO AMEND ANSWER

A party may amend its answer with leave of the court, which should freely be given when

---

[2] Defendants admit these statutory defenses are under state law and are not included in the list of defenses that must be pled under Rule 8. *See* Fed. R. Civ. Pro. 8(a)-(c). In an abundance of caution, they are moving to include them. Dkt. No. 44 at 2.

ORDER GRANTING DEFENDANTS' MOTION
TO AMEND ANSWER– 2

justice so requires. *See* FED. R. CIV. P. 15(a). When considering a motion for leave to amend, a court should consider the following five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether there has been a prior amendment. *Nunez v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The Court will analyze each of these factors.

### A. Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987); *see also Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006))). Regardless, an "amendment should be permitted unless [a party is] merely [] seeking to prolong the litigation by adding new but baseless legal theories." *Griggs*, 170 F.3d at 881. Here, Plaintiff has provided no evidence that Defendants filed their motion in bad faith. Defendants' proposed amendments are based on plausible legal theories that they have already provided evidence for in their motion for summary judgment. As such, the Court finds there is no evidence that Defendants acted in bad faith.

### b. Undue Delay

A district court may deny a motion for leave to amend if permitting an amendment would cause an undue delay in the litigation or prejudice the opposing party. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990)). Although delay is not a dispositive factor, it is relevant, especially if no reason is given for the delay. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986

ORDER GRANTING DEFENDANTS' MOTION
TO AMEND ANSWER– 3

(9th Cir. 1999) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990); *Swanson v. United States Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996)). Plaintiff argues that Defendants should be precluded from amending their Answer "at the eleventh hour." Dkt. No. 52 at 3. Defendants disagree. Dkt. No. 44 at 5.

Defendants' motion is clearly late as it was filed several months after discovery ended and the deadline for amending pleadings had passed. Dkt. No. 20. However, Defendants explained that they "admittedly did not recognize the availability of these defenses until preparing their motion for summary judgment." Dkt. No. 44 at 5. Once they discovered the error, they "attempted to promptly confer with plaintiff's counsel about amendment and then brought this motion expeditiously." *Id.* As the Court finds, *infra*, that Defendants' delay does not prejudice the Plaintiff, the Court finds the delay excusable.

### C. Prejudice to the Opposing Party

"The party opposing the amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Plaintiffs argue they would be prejudiced if the Court allowed Defendants to amend their Answer "as trial is less than 3 months away" because they would need to "change their litigation strategy" and "attempt to proceed with its claims while new and additional defenses are being raised by the Defendants." Dkt. No. 44 at 2. The Court finds that Plaintiff has failed to establish how she would be prejudiced by the amendment. It appears that the two additional defenses are merely state statutes that reiterate the federal qualified immunity defenses, and therefore would rely on the same proof already gathered during discovery.

### D. Futility

An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster*

ORDER GRANTING DEFENDANTS' MOTION
TO AMEND ANSWER– 4

*v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Court finds that Defendants have included plausible facts in their motion for summary judgment so that the amendment is not futile. Dkt. No. 30.

### E. Prior Amendments

The repeated failure to cure deficiencies by prior amendment is a valid reason for a judge to deny a party leave to amend. *Empowerment Project v. CBS, Inc.*, 928 F.2d 408 (9th Cir. 1991) (citing *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 812 (9th Cir.1988)). Defendants have not previously sought to amend their pleadings.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Amend its Answer.

DATED this 9th day of March, 2019.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE